RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0252p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

JOHNELLA RICHMOND MOSES, Personal
Representative of the Estate of MARIE MOSES
IRONS, Deceased,
                    *Plaintiff-Appellant,*

    *v.*

PROVIDENCE HOSPITAL AND MEDICAL
CENTERS, INC. and PAUL LESSEM,
                    *Defendants-Appellees,*

CHRISTOPHER WALTER HOWARD,
                    *Third-Party Defendant.*

No. 07-2111

Filed:  July 17, 2009

Before:  CLAY and GIBBONS, Circuit Judges; STAMP, District Judge.[*]

_____

**ORDER**

_____

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case.  Accordingly, the petition is denied.

_____

[*]The Honorable Frederick P. Stamp, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

GRIFFIN, Circuit Judge, dissenting. I respectfully dissent from the denial of the petition for rehearing en banc. By remaining loyal to the errant obiter dictum contained in *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131 (6th Cir. 1990), the majority has perpetuated a serious conflict between our circuit and the Ninth Circuit, *Bryant v. Adventist Health Sys.*, 289 F.3d 1162 (9th Cir. 2002), the Fourth Circuit, *Bryan v. Rectors and Visitors of the Univ. of Va.*, 95 F.3d 349 (4th Cir. 1996), the federal regulations, 42 C.F.R. § 489.24(d)(2)(i), and the vast majority of lower court decisions. *See generally Preston v. Meriter Hosp., Inc.*, 747 N.W.2d 173 (Wis. Ct. App. 2008), petition for review denied, 749 N.W.2d 662 (Wis. 2008), and cases cited therein.

At issue is the construction of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395 dd. Contrary to the federal regulations and the weight of authority, a panel of this court in *Moses* held that federal law imposes a duty on hospitals that accept Medicare funding to adequately stabilize a patient after the hospital has satisfied its emergency room obligations by either transferring the individual or admitting him for in-patient care. Our panel decision misconstrues EMTALA, making it a general federal medical malpractice statute, rather than an act limited to emergency room screening and stabilization. *Bryan*, 95 F.3d at 351.

For these reasons, I would grant rehearing en banc and therefore respectfully dissent.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

Clerk